Francis J. Pott v. Commissioner. Francis Joseph Pott and Margaret Pott v. Commissioner.
Pott v. Commissioner
Docket Nos. 43261, 43262.
United States Tax Court
T.C. Memo 1954-130; 1954 Tax Ct. Memo LEXIS 116; 13 T.C.M. (CCH) 811; T.C.M. (RIA) 54236; August 18, 1954, Filed Joseph M. Donahue, Esq., 1220 Minnesota Building, St. Paul, Minn., for the petitioners. Fayette G. Taylor, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: The above cases were consolidated upon oral consent of the parties at the trial. Respondent determined deficiencies in income tax as follows: Year
Deficiency
Francis J. Pott
1948
$203.00
1949
199.60
Francis Joseph Pott and
Margaret Pott
1950
209.00
The sole question involved is whether or not over one-half of the support of the son and daughter of petitioner Francis J. Pott was received from him in each of the calendar years in question. Findings of Fact Petitioner, Francis J. Pott (hereinafter referred to as petitioner), is an individual who lives in St. Paul, Minnesota. *117 He filed timely individual income tax returns (Form 1040A) for the years 1948 and 1949 with the collector of internal revenue for the district of Minnesota. Petitioners, Francis Joseph Pott and Margaret Pott, husband and wife, timely filed a joint income tax return (Form 1040A) for the year 1950 with the collector of internal revenue for the district of Minnesota. Petitioner and Marie Pott were married September 12, 1933. Two children were born to this marital union, namely: Francis John born October 19, 1934, and Catherine Mary born January 12, 1939. The petitioner and Marie Pott were divorced on November 26, 1947. The divorce decree dated November 26, 1947, provides, in part, that Marie Pott "* * * is awarded the care, custody and control of the minor children of the parties, subject to the reasonable visitation rights on the part of the plaintiff, * * * and also * * * is awarded the sum of seventy-five dollars per month, as and for the care, support and maintenance of the minor children of the parties * * *." The Order of February 18, 1948, provides, in part, as follows: "* * * That the defendant be and she is hereby awarded a one-third (1/3) interest in the fee title *118 to the following described premises, to-wit: Lots Nine (9) and Ten (10), Block Four (4), Farrell's Addition, according to the recorded plat thereof on file and of record in the office of the Register of Deeds for Ramsey County, Minnesota. "That she be and is hereby awarded the use and occupancy of the homestead above described for the use and benefit of the minor children of the parties until the youngest child becomes twenty-one (21) years of age, or is married or legally emancipated, with no obligation on her part to pay anything to the plaintiff as and for the use and occupancy of the premises, while unmarried, or while caring for the child or children of the parties, provided, however, it shall be her duty henceforth and since the date of the Decree herein, to pay all general taxes and assessments payable in the year 1947 and thereafter, and she shall not be permitted to allow any major improvements, or otherwise, which might subject the property to a lien in any sum for such improvements, and she shall be required to keep the property in reasonable repair at her own expense during the occupancy thereof, and to carry suitable insurance to indemnify against loss by fire or tornado *119 during her occupancy." The petitioner made the monthly payments referred to above. He spent no other money for the support of his two children. The petitioner owned a two-thirds interest and Marie Pott a one-third interest in the premises described. Petitioner did not pay taxes or insurance for, or maintenance costs of, the premises described above. Said taxes, insurance and maintenance costs were paid by petitioner's former wife. Petitioner's former wife owned the furnishings in the home during the years in question. The rental value of the premises described above unfurnished, was $85 per month in the year 1948, $85 per month in the year 1949, and $80 per month in 1950. The rental value of the aforementioned premises, furnished, was $110 in 1948, $110 in 1949, and $105 in 1950. The cash value of the said homestead premises was $11,500 in 1948, $12,000 in 1949, and $11,700 in 1950. The contract price value of the said homestead premises, with a $3,500 down payment, was $11,850 in 1948, $12,350 in 1949, and $12,050 in 1950. During the taxable years in question, Marie Pott claimed and the Commissioner allowed credit for the two children as dependents on her income *120 tax return. Opinion Section 25(b)(1)(D) and (3)(A) of the Internal Revenue Code applicable to the years in question provided as follows: "SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
"(b) Credits for Both Normal Tax and Surtax. - "(1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
"(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year. * * *
"(3) Definition of dependent. - As used in this chapter the term 'dependent' means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: "(A) a son or daughter of the taxpayer, * * *." The requisite relationship is clear from the record, and respondent concedes that neither of petitioner's children had as *121 much as $500 of gross income during any one of the years in question. The sole issue presented is whether petitioner Francis J. Pott contributed over half of the support of either or both of his children for any one or all of the taxable years involved. The burden of proof was upon the petitioner. Our Findings of Fact reflect his contributions to the support of his children. There is nothing whatever in the record, however, upon which we may base a finding or determination of the amount of the total cost of supporting either of said children for any of said years. Since we do not have a basis for determining total support, we cannot determine for any of said years that more than half of such support of either of said children was received from petitioner. Petitioner contends that we must hold in his favor on the theory that it was "impossible" for him to establish the amount of total support, and that we should infer, in the light of such impossibility of proof, that he contributed more than half of the support of each child in the absence of evidence to the contrary. Assuming, arguendo ( although we do not so hold) that any legal significance may be attached to his assertion *122 of impossibility of proof, we do not find his contention to be supported by the record. Petitioner made no effort to sustain his burden of proof. His former wife had the custody of the children. She was available as a witness, and was called to testify by respondent. There is nothing to indicate that she did not know the cost of support of the children. She testified (without objection) that she herself had claimed the dependency credit for the children and that the credit had been allowed. There is nothing to indicate that, if she had been called as a witness by petitioner, her examination would have failed to elicit appropriate information as to the cost of support of the children, or how much she or anyone else may have contributed thereto. We, of course, have no means of determining what her testimony may have been, but since she was not called, or asked to produce such records as she may have relied upon in asserting her own dependency claim, we find no factual basis for petitioner's argument that his burden of proof was impossible to sustain. Since petitioner has failed to meet the burden of establishing an essential element of his case, we must hold for the respondent. *123 Decisions will be entered for the respondent.